BERTHA W. COLLINS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF FURMAN G. COLLINS, v. SECURITY MUTUAL LIFE INSURANCE COMPANY.

(Filed 23 March, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

APPEAL from *Hamilton, Special Judge,* at October Term, 1937, of HARNETT. Affirmed.

This is an action to recover on the double indemnity clause in a life insurance policy issued by the defendant to Furman G. Collins, now deceased. The plaintiff contended that the evidence was sufficient to carry the case to the jury upon the issue as to whether the death of the insured resulted directly or indirectly from bodily injury effected solely through external, violent and accidental means. The defendant contended that the evidence was insufficient for that purpose. The trial judge held with the plaintiff and the jury answered the issue in favor of the plaintiff. From judgment predicated upon the verdict, the defendant appealed, assigning error.

*Simms & Simms for plaintiff, appellee.*
*J. M. Broughton for defendant, appellant.*

PER CURIAM. The Court being evenly divided in opinion, *Connor, J.,* not sitting, the judgment of the Superior Court is affirmed, as the disposition of this appeal, without becoming a precedent, in accord with the practice of the Court. *Martin v. R. R.,* 208 N. C., 843.

Affirmed.

---

MRS. ARMETTA RANKIN, WIFE OF BENNIE RANKIN, DECEASED, PLAINTIFF, v. BROWN MANUFACTURING COMPANY, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 13 April, 1938.)

APPEAL by plaintiff from *Warlick, J.,* at January Term, 1938, of CABARRUS. Affirmed.

This is a proceedings for compensation under the provisions of the North Carolina Workmen's Compensation Act. It was before this Court on a former appeal at the Fall Term, 1937, and is reported in 212 N. C., 357. The facts are therein fully set out.

*W. S. Bogle and E. Johnston Irvin for plaintiff, appellant.*
*Guthrie, Pierce & Blakeney for defendants, appellees.*

PER CURIAM. The facts found by the Full Commission tend to show that the employee suffered an injury by accident, which did not result from his employment. The conclusion of the Commission that the employee, of whom the plaintiff is the dependent, did not suffer an injury by accident arising out of and in the course of his employment is sustained by the evidence. It would seem that this is the only reasonable conclusion to be drawn from the evidence and the findings of the Commission.

The judgment below is
Affirmed.

---

SAMUEL B. WELLS v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY, A CORPORATION.

SAMUEL B. WELLS, ADMINISTRATOR OF THE ESTATE OF MARY NICHOLSON
WELLS, v. JEFFERSON STANDARD LIFE INSURANCE COMPANY,
A CORPORATION.

MARTHA J. NICHOLSON v. JEFFERSON STANDARD LIFE INSURANCE
COMPANY, A CORPORATION.

(Filed 13 April, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

APPEAL by plaintiffs from *Hamilton, Special Judge,* at August Term, 1937, of DUPLIN. Action by plaintiffs against defendants on certain insurance policies. Affirmed.

*Oscar B. Turner and Norwood B. Boney for plaintiffs.*
*Beasley & Stevens and Smith, Wharton & Hudgins for defendant.*

PER CURIAM. The Court being evenly divided in opinion, *Connor, J.,* not sitting, the judgment of the Superior Court is affirmed, as to the disposition of this appeal, without becoming a precedent, in accord with the practice of the Court. The practice has been so long and well settled that we need not cite authorities.

Affirmed.